Good morning, Your Honors. My name is Deborah Bookout, and I represent Petitioner Appellant Robert Brown. I'd like to reserve two minutes for rebuttal, please. This appeal addresses whether Mr. Brown is entitled to equitable tolling during two separate time periods. The first is the time during which he sought to appeal his conviction, and the second is the time during which his State petition was pending. With respect to the first period of time, Mr. Brown submits that he's entitled to equitable tolling while he attempted to litigate his direct appeal. And this time began in July 2002 when he handed to prison officials, or in this case, jail officials, his notices of appeal for mailing, and ran through August 15, 2003, when the Nevada Supreme Court denied his motion to reopen the appeal. Now, the district court found in Mr. Brown's favor with regard to this issue for at least a portion of the time. He found that Mr. Brown had provided sufficient documentary evidence that he had diligently pursued his rights and that extraordinary circumstances existed that stood in the way of his obtaining a direct appeal. The evidence the Court relied on were the letters that Mr. Brown had sent to the various courts in regard to the status of his appeal, their responses to him, his sworn allegations, and perhaps most significantly. Let me just interrupt for a second. Just because we have a lot of people in the audience might be wondering what all this is about, I think it might be well just to indicate that this question is whether a petition of habeas corpus was timely filed or not, right? Yes, sir. Yes, sir. Okay. It's a statute of limitations issue under the AEDPA, and the district court found that Mr. Brown was not timely under the AEDPA in filing his Federal petition. So the government or the State moved to dismiss. So there's a one-year period within which habeas corpus has to be filed in the Federal court. Yes, sir. From the time of the conviction. Yes, sir. And that's why, unless it is otherwise told and forgiven. Right. Either statutorily or equitably. Right. And it's Mr. Brown's contention that he might not be entitled to statutory tolling under the statute, but that he has grounds for equitable tolling. Okay. And the district court did agree to a certain extent. And as I was talking about the evidence he relied upon, I think the most significant piece of evidence that the court relied upon was the Nevada Supreme Court's courtesy copy of the notice of appeal that reflected the timely mailing and receipt by the Nevada Supreme Court of their copy. I think there's an envelope also that shows that the notice was mailed from the Clark County Detention Center on July 22nd of 2002. So what the first time, the second time period seems clearly governed by Harrison. It doesn't seem to be a problem. Yes. The first time period where the district court found equitable tolling is, I'm trying to figure out where we are in that. He found equitable tolling. There's some dispute about what the time period that he was covering was. But is the State at this point, Respondent, contesting the notion that there's equitable tolling for that period at all or only the length of the period? No. And I think the State is contesting that there's equitable tolling at all. All right. So then you need to tell us why there is. I understand that there was a total screw-up in the Nevada courts and that he kept trying to get them to respond to him and so on. Well, I think what's important in terms of Mr. Brown's equitable tolling argument is that he handed timely his notice of appeal to jail officials for mailing. What's the evidence of that? Does he have a declaration in the record saying that? There's his declaration and then there's corroboration in the Madison Supreme Court who received, the clerk who received his notice or his courtesy copy of that. In other words, he filed a notice of appeal by giving it to the prison authorities who were supposed to send it to the trial court, and the trial court apparently did not receive it, but a copy of it did go to the State supreme court so that it can be shown that it was intended to be filed. And so the fact that he's trying to keep reassuring that he has an appeal before the Nevada supreme court, the question is whether that time that's going on should be told or taken out of the one-year statute of limitations for the Federal filing. Is that what we're talking about? That's exactly what we're talking about. And, in fact, that's what the district court did find. When he – I mean, it's a little baffling to figure out what went on here. He sent this declaration to the Nevada supreme court saying, I did – I put it in the mail, and then they say that he doesn't have any documentation to demonstrate that his notice of appeal was presented. But, in fact, they had in their own files. But see, what bothers me about all this is they just seem to be totally wrong. But why does that translate into equitable tolling? I mean, why aren't we essentially reviewing what they did and saying, you know, you're just totally wrong? Well, no. I think that that's exactly the sorts of circumstances that equitable tolling would be justified. It's not through Mr. Brown's any inaction or negligence on his part that resulted in the complete deprivation of his direct appeal from his conviction. He just – he continued to be diligent throughout the entire process in trying to resurrect this appeal that he knew that he had timely filed and that nobody was giving him the opportunity to establish, nor did anybody refute. And I guess at one point, the Nevada court seemed to say, well, as soon as he learned that it hadn't been received by the Clark County clerk, he should have simply filed a Federal habeas at that point. But it would have had an exhaustion problem. Yes, ma'am. And the problem with that is that it's contrary to their – to Nevada Supreme Court precedent. They adopted the Houston v. Lack standard that when – at the moment the notice is handed to jail officials, the appeal is filed. There was nothing to refute Mr. Brown's claim that that occurred. So technically, his appeal is still pending. No one's ever made any – presented any evidence that that notice was not timely handed to jail officials. I gather under Nevada practice that the defendant has to file his notice of appeal with the State trial court. Is that correct? Yes. That would be the Eighth Judicial District in this case, yes. Right. And that's what he did? He – And he did it timely? He – what he stated in his affidavit was that he sent four copies, one to the Eighth Judicial District, the AG and the district court, and to the Nevada Supreme Court all at the same time. The only court or the only entity that received the notice timely was the Nevada Supreme Court. The Eighth Judicial District never received their copy. So when he did – The way he does it is to give it to the prison authorities, right? Right. And so really the prison authorities are the ones that are responsible for sending it to the trial court and a copy to the Supreme Court. And some way or other, it never or it didn't reach the trial court. Yes, sir. That's exactly what he claimed. And then he tried – there were repeated efforts to inquire about the status of his appeal. Yes, sir. And it was then that he learned that the Eighth Judicial District hadn't received it, was advised by them to resubmit it, which resulted in his filing what looked like a new notice of appeal. And then, of course, that was dismissed as untimely. But the problem was the original notice of appeal that was timely filed was never addressed. It was – there was no reputation offered by any – by the State that he hadn't, in fact, done what he said he did. And I think the district court below was entitled to rely on that evidence and found that he, in fact, had handed the notice of appeal to jail officials timely. And that began the process in which he tried to attempt to – to appeal his conviction. And those steps led to the untimely filing of his Federal petition. How about the second period that the district court didn't allow trolling? No, he didn't. Mr. Brown raised a similar, I guess I would call it a Harris v. Carter claim. He contended that at the time he filed his State petition, the law in this circuit was that although it was untimely, it would have been statutorily told under the ADPA. Additionally, at the time the Nevada Supreme Court denied the motion to reopen the appeal, he had no claims he could take to Federal court. He had no exhausted claims. So his delay in filing the Federal petition upon resolution of his State petition proceedings was justified, and he would be entitled to equitable tolling under this period. I'm going to reserve the rest for rebuttals. Do you have any other questions? Okay. Well, I'll give you a minute on rebuttal. Good morning. I'm Eric Levin. First, do you agree as to the second part that it's covered by Harris? I very much disagree, and I'd like the opportunity to explain why. In fact, I'll be happy to start off with the Harris portion, the post-conviction portion. When you read Harris v. Carter, the court is clear, and it's mentioned several times throughout the opinion, there were specific findings that the petitioner in that case, because we were talking about equitable tolling, detrimentally relied on Ninth Circuit precedent, which in that case was Dictato, and I'll do my best to pronounce the second name. I think it's Ducharme. But in this case, not only is there no evidence in the record that the petitioner relied on Ninth Circuit precedent and Dictato. There's no evidence that the petitioner was even aware of the precedent. There's not even an allegation in the district court that the petitioner relied on. Where do you find that in Harris? All I see is that he presumably chose his tactical status. On page 1054, Harris did not contest that his petition would be time-barred under a strict application of pace, but argued that he was entitled to equitable tolling of the statute of limitations because he relied on controlling Ninth Circuit   There was no argument in the district court in opposition to the motion to dismiss that there was any reliance on Ninth Circuit precedent in this case. We decided Harris at that time? Did the district court have the benefit of Harris when it was ruled on this petition? No, it didn't. No. No, it did not. Did the petitioner have the benefit of it? No, he didn't. But neither did Mr. Harris when he presented that argument to the district court. But he did present a similar argument in this case. I'm sorry? He did in this case argue that because of the change in law, he essentially presented the Harris argument before Harris, didn't he? No, I would disagree. In reading Harris, they're saying that he specifically said he relied on Ninth Circuit precedent and dictato, and I don't find that to be true in this case. So that's why I think there's a distinction. Well, I guess on one end we could send it back to the district court and allow them to consider Harris and see maybe he submitted a declaration that he relied on. Excuse me. The district court said. He did not submit a declaration that he relied on Ninth Circuit precedent. He didn't know that he had to in line because Harris hadn't been decided at that time. Well, I understand, but in order to take advantage of an argument that you relied on something, you have to have presented the argument. Sir, the district court says. Brown argues that he relied on the time as it existed at the time. And about his untimely post-conviction petition, believing that the petition would tell the one-year statute, that's what he says. That's what he says for the first time on appeal in this court. No, I'm sorry. I'm reading from the district court opinion. That's what I'm reading from, the district court opinion. Okay. So can we get that now? I read the opposition to the motion to dismiss. I did not see it in there. All right. But it's in the district court opinion. The district court understood the argument to be exactly that. And if that's the case, if that argument was presented below, I would agree that the appropriate thing would be done to remand if there's, you know, if it's been timely filed, equitable tolling is granted under that. Okay. And with respect to the first portion, I don't believe there's any evidence that the petitioner filed a notice of appeal and handed it to prison officials for filing in the Eighth Judicial District Court. Well, there is an affidavit signed under penalty of perjury, which he sent to the Nevada Supreme Court. That's not good enough? He did submit an affidavit saying he did that. I think that's belied by the record. I think part of the evidence you'll find in your evidence. Did the district court make a finding on that point? They stated that it was belied by the record. I do not recall that they specifically described why. Did the district court make a finding that he filed it? In the Eighth Judicial District Court? No. No. The district court in this case, in the faithful district court. The district court stated, I believe, that they felt that somehow there was documentary evidence supporting the allegations. That he had filed. I don't know. Why isn't that, you know, unless that finding is clearly erroneous. Why aren't we stuck with it? I don't, because this is a de novo review. I don't believe you're. Out of the facts. Uh-huh. Well, I think it is erroneous because for one point of view. It has to be clearly erroneous. In light of this record here, the affidavits and whatnot that Judge Brezon just pointed out, why is it clearly erroneous? I think it's clearly erroneous for two reasons. One, the standard for obtaining equitable tolling, as this Court knows, and it's been stated several times, equitable tolling is not readily granted unless the exception swallows the rule. So if all that is required is for a Petitioner to fill out an affidavit and say, well, I did it, well, every person in prison can bail himself out. That isn't all there was. There was at least some corroboration because we know at least that the California or the Nevada Supreme Court did receive it. So something was sent at that time. Something was sent at that time, but it's not that. And I think the record actually supports the fact that all he did was send it to the Nevada Supreme Court. So the reason number two is the record supports that? The clerk's office doesn't have to lose things. Our clerk's office loses things. If you'll look at excerpt of record, pages 5051, in December of 2002, when the Petitioner submitted a motion for appointment of counsel, he did the same thing again. It's captioned on Eighth Judicial District Court pleading, but then in this case, he actually attaches the Certificate of Service, which indicates that he only mailed it to the Nevada Supreme Court. So he's doing what he did before. He's not sending things. You know, he's captioning it one way, but sending it to a different court. So I think that's actually corroborative that he did not ever initially mail. But there was, in fact, never a finding by the Nevada courts that that was the case. The Nevada courts, I mean, as I understand it, the Nevada Supreme Court only said that he hadn't verified it with any documentation and that they're not a fact-finding tribunal, so we should go file a post-conviction petition. But they didn't decide that for four months. And in the meanwhile, his time to file a post-conviction petition and not be late on the Federal thing was out ahead of run. Right? So essentially, they sat on it long enough, that question, that he was at the time they told him to go do something, he was already out of time. I would disagree. I think in November of 2002, when he made his inquiry as to the status of his appeal, he was put on notice that at that time, you're not timely filed. I understand that. But he then chose to do something that was not nonsensical, which was to go back to the Nevada Supreme Court and put in a declaration and say, I did, in fact, file this, and basically a motion for reconsideration. They didn't decide that. But my larger point is, did the Nevada courts ever decide, taking into account his declaration, that he did not, in fact, mail this when he said he did? Was there ever a decision made by that Nevada courts? Well, when they say he's untimely, that's implied because, as counsel stated, if, in fact, they had found that he had handed it to prison officials under Nevada law, it would have been timely filed at that point. But what they actually decided is we don't know. They said that. We don't know. Go file a post-conviction determination. When he filed the post-conviction thing, he was late. Yes. He was late. Right. So even if you were to accept his version, that he did hand a proper notice of appeal to prison officials, even if you were to accept that as true, as early as November of 2002, he's unnoticed that something went wrong. And he, you know, it's his burden throughout these proceedings. And he didn't do anything, you know, other than say, I did it, I did it, I did it, to meet his burden to show otherwise. So in November of 2002, when he's placed on notice, at that point, the proper thing for him to do would have been to submit his post-conviction petition, which he did not do. He continued to proceed along a path that didn't work out for him. And it was his decision to proceed that way. He had counsel available to him, but he decided to do it himself. And he can't complain now that, well, this didn't work out for me. So I don't believe there's any extraordinary reason. The way I'm seeing this is I can't imagine that a person in prison could have been much more than what he did to assure that his appeal was properly filed. His testimony, and I think it's borne out by the U.S. Supreme Court, was that he sent it in in time, within 30 days as required. They got a copy. I noticed in the district court thing is that the district court, our Federal District Court, says that the clerk received his courtesy copy of the notice of appeal, but didn't forward it on to the district court. Normally, if it was the original one filed wrongly, wouldn't it have been forwarded on to the trial court, the Nevada District Court? No, I don't believe so. No? And I'd also like to correct that, that there was nothing on the documentation that the Petitioner submitted that indicated it was a courtesy copy. The Nevada Supreme Court clerk, the Nevada Supreme Court clerk. Well, the Federal District Court thought so. Well, the Nevada Supreme Court clerk that received a copy of a notice of appeal that they normally wouldn't receive in that manner, you know, characterized it that way, but certainly the Petitioner did not. Yes, but just by the way, I gather Nevada does not have a rule parallel to the one that we have under the Federal rules that says if you file a notice of appeal in the wrong court, it gets forwarded? That's correct. It has to be filed in the correct court, as far as I'm aware. Okay. Thank you. I'd say I'm out of time. Thank you. Yes, thank you. Mr. Brown asks that this Court consider or find that his petition was, in fact, timely filed because he's entitled to equitable tolling during both portions of both time periods that he presented. Whether the district court intended to find equitable tolling for that entire first period, that being from July 2002 to August 15th, 2003, or intended to limit the period of time from January 03 when he resubmitted the appeal to August 15th, 03, it's unclear. But Mr. Brown's petition would nonetheless be timely filed if the Court concludes that he was equitably tolled for the second period of time. And he contends that he is. And that was, I believe, appropriately addressed. Unless the Court has further questions. Thank you. We appreciate your arguments. The matter will be submitted.
judges: Hug, Paez, Berzon